Steven D'Agostino
25 Nautilus Dr.
Barnegat NJ 08005

| In the matter of: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT COURT OF NEW JERSEY |
|---|---|
| | DOCKET NO: 3:10-bk-24143-RTL |
| Laurence A. Hecker, Debtor (now deceased) | NOTICE OF MOTION TO REOPEN CASE, FOR THE LIMITED PURPOSE OF PERMISSION TO PROCEED WITH CLAIMS AGAINST TRUSTEE IN SUPERIOR COURT |

To:  Bunce Atkinson, Esq.          Karen Bezner, Esq.
     2 Bridge Ave.                  567 Park Ave.
     Red bank, NJ 07701             Scotch Plains, NJ 07076
     Chapter 7 Trustee              former attorney of (deceased) debtor

PLEASE TAKE NOTICE THAT on Mar 24, 2020, *at 10 am*, the undersigned shall move the Honorable Christine M. Gravelle to reopen the case for the limited purpose of obtaining permission to proceed with his claims against the trustee, currently pending under docket number OCN-L-2326-19 in the Law Division of the Superior Court of New Jersey, Ocean County Vicinage.

PLEASE TAKE FURTHER NOTICE THAT the undersigned shall rely upon his certification, exhibits, and letter-brief attached hereto.

PLEASE TAKE FURTHER NOTICE THAT your response, if any, to the motion shall be filed and served at least seven (7) days prior to the date for the hearing scheduled thereon. In the event that no timely response is filed and served, the Bankruptcy Court may grant the relief requested by the moving party without need for further hearing.

_____
Steven D'Agostino, judgment creditor, pro se

### CERTIFICATION OF SERVICE

I certify that on this date, I served a copy of this motion, and all accompanying papers, to the two parties whom may have an interest in this case, at the addresses listed below:

Maxwell L. Billek, Esq. (attorney for the trustee in the pending Law Division matter)
200 Campus Dr.
Florham Park, NJ 07932
*Via regular mail only*

Jason Feinstein, Esq. (attorney for the debtor's former attorney in the pending Law Division matter)
P.O. Box 5404
Princeton, NJ 08648
Email: JFeinstein@eckertseamans.com
*Via e- mail only, as Mr. Feinstein has already indicated to me that this was his preference*

_____          DATE: Mar 3, 2020

In the trustee's motion to dismiss my state claims, he argues that, under the *Barton* doctrine, and the Third Circuit's recent opinion in *Vistacare*, those authorities require the NJ Superior Court to dismiss my claims against him, and to do so with prejudice, for my failing to obtain permission from this Court beforehand.

## ARGUMENTS

1. <u>Because no assets from the debtor's estate could be affected, either directly or indirectly, prior permission from this Court should not be required</u>

Despite the trustee's arguments otherwise, in <u>Barton</u>, the US Supreme Court made patently clear the reason for its rulings in that case (which would later become known as "the *Barton* doctrine"). Simply put, the reason was that so that one creditor could not gain an unfair advantage over another creditor, with respect to the trustee's role in fairly distributing the assets of the debtor's estate to all creditors. And the other case the trustee cites is the Third Circuit's 2012 <u>Vistacare</u> opinion. However, although the *Vistacare* court affirmed the continued viability of the *Barton* doctrine, it made no rulings as to whether or not the *Barton* doctrine would apply even when there were no assets involved.

In <u>Barton v. Barbour, 104 U.S. 126, 26 L. Ed. 672 (1881)</u>, the US Supreme Court established this policy and announced that failure to ask permission from the appointing forum results in a lack of jurisdiction in the court in which the suit is pending. See <u>Barton, 104 U.S. at 131</u>. The Barton doctrine is premised on the rationale that a suit brought against a court-appointed receiver, trustee, or other officer by a plaintiff claimant was intended "to obtain some advantage over the other claimants upon the assets in the receiver's hands." <u>Id. at 128</u>. The effect of such a suit would be "to take the property of the trust from his hands and apply it to the payment of the plaintiff's claim, without regard to the rights of other creditors or the orders of the court which is administering the trust property." <u>Id. at 129</u>. For that reason, "leave should be first obtained" from the court appointing the receiver or trustee before suit may be brought. <u>Id</u>.

However, that rationale clearly does not apply to the instant matter – Hecker claimed to have no assets, and his unopposed petition was granted. Thus, none of Hecker's creditors (myself included) received any assets from his discharge. Moreover, even though Hecker had lied at the time and he did actually have significant hidden assets, now even those then-hidden assets are all gone. So again, no assets are at stake.

In re <u>VistaCare Group, LLC, 678 F.3d 218, 224 (3d Cir. 2012)</u> is the other authority cited by the trustee. However, in this opinion the Third Circuit merely held that "the *Barton* doctrine has continuing validity", and was not abrogated by the Bankruptcy Reform Act of 1978. The *Vistacare* court made no ruling as to whether or not permission must be sought even if there are no assets available to any creditor.

2. <u>To the extent permission from this Court is required, such should be granted nunc pro tunc.</u>

As to this request, there is precedent from other courts of equal jurisdiction.

The first authority is <u>In re Allied Sign Co., Inc. 280 B.R. 688 (2001)</u>, where the United States Bankruptcy Court, S.D. Alabama discussed in great detail the proper application of the *Barton* doctrine, and ultimately granted the motion for leave to maintain action in state court with approval being nunc pro tunc to the date of commencement of the suit in state court.

The second authority is <u>In re Brownsville Property Corporation, Inc. 473 B.R. 89 (2012)</u>, where the United States Bankruptcy Court, W.D. Pennsylvania observed the Third Circuit's recent *Vistacare* decision, and although not discussing the *Barton* doctrine in the same level of detail as the *Allied* court had done, likewise elected to give the necessary approval on a nunc pro tunc basis, thereby allowing the case to proceed. The *Brownsville* court denied the motion to remand, because even though no estate assets would have been affected <u>per se</u>, if the Plaintiff was successful in that action, then it would necessarily impact the bankruptcy process by effectively modifying prior orders.

Thus I ask this Court to follow these authorities and grant me nunc pro tunc permission to proceed with my claims against the trustee in the NJ Superior Court Law Division.

3. <u>Removal to this Court if necessary</u>

Alternately, if this Court should conclude that it needs to retain jurisdiction so as to determine issues that are specific to the then-hidden assets, then I would remove the currently pending Law Division matter to this Court. In doing so, this would nullify any *Barton* issue raised by the trustee.

In <u>Harris v. Wittman (In re Harris), 590 F.3d 730 (9th Cir.2009)</u>, the Ninth Circuit ruled that the mere act of removing the action to the bankruptcy court eliminated the *Barton* issue:

> Here, it is undisputed that Harris did not seek leave of the appointing court before filing his claim in state court. As a result, when the case was removed to bankruptcy court, the bankruptcy court held that, under the *Barton* doctrine, even as the appointing court, it did not have subject matter jurisdiction to hear Harris's claim, and so dismissed the suit.
>
> This was error, however, because, absent leave of the appointing court, the *Barton* doctrine denies subject matter jurisdiction to all forums except the appointing court. The *Barton* doctrine is a practical tool to ensure that all lawsuits that could affect the administration of the bankruptcy estate proceed either in the bankruptcy court, or with the knowledge and approval of the bankruptcy court. The *Barton* doctrine is not a tool to punish the unwary by denying any forum to hear a claim when leave of the bankruptcy court is not sought. When Harris's case

was removed to the appointing bankruptcy court, all problems under the *Barton* doctrine vanished. Therefore, the district court erred in affirming the bankruptcy court's dismissal of Harris's suit for lack of subject matter jurisdiction under the *Barton* doctrine.

Id. at 742.

4. <u>I have a prima facie case against the trustee.</u>

Under the *Barton* doctrine, "[a] party seeking leave of court to sue a trustee 'must make a prima facie case against the trustee, showing that its claim is not without foundation.'" See <u>VistaCare at 232 (quoting In re Nat'l Molding Co., 230 F.2d 69, 71 (3d Cir. 1956))</u>

A review of my attached certification and exhibits reveals the undeniable fact that Hecker was hiding his assets - before, during, and after his bankruptcy discharge. And just like his cohort Larry Weil of APM Financial, whom also tried to hide his assets, they each abused the bankruptcy process.

My Law Division suit seeks damages against the trustee for breach of fiduciary duty, professional negligence, tortious interference, as well as declaratory relief. In sum, the trustee failed in his duties in 3 separate but very significant ways. For one, the trustee failed in his duty to check the petition for accuracy, which if he had done so, would have revealed that I was not in the notice matrix. As a result of this breach of care, I received no notice of his bankruptcy petition, no proof of claim, no notice of the meeting of creditors, etc. And even after Hecker's debtor attorney moved to reopen the case, the trustee still did not check the paperwork for accuracy, thus I also did not receive any notice of the debtor's motion to reopen and reinstate the case, nor any notice of the new meeting of creditors, nor any notice of the discharge, nor even any notice of the closing of the case. Secondly, the trustee failed to investigate Hecker's purportedly having no assets, despite Hecker admitting that he was earning over $160,000 per year. Third, on the amended schedules, when Hecker claimed to have business expenses of $8,102 per month, missing from his petition was the required detailed statement to explain these purported expenses. Thus the trustee failed yet again in his duty owed to the creditors.

Based on the foregoing, I ask this Court to grant the relief which it deems most appropriate. Thank you.

Respectfully submitted,

*Steven D'Agostino*

Steven D'Agostino
25 Nautilus Dr.
Barnegat NJ 08005
info@stevedagostino.biz