EXHIBIT K

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY Caption in compliance with D.N.J. LBR 9004-2(c) HILL WALLACK LLP Michael J. Shavel, Esq. (MJS 7377) D. Andrew Bertorelli, Jr., Esq.(DB3291) 202 Carnegie Center Princeton, New Jersey 08543-5226 Telephone: (609)924-0808 Facsimile: (609)452-1888 *Attorneys for the Debtor* | |
|---|---|
| In Re: APM FINANCIAL SOLUTIONS, LLC, a Delaware limited liability company<br>　　　　　Debtor. | CHAPTER 11<br>Case No.: 10-27239<br>Judge: Honorable Raymond T. Lyons |
| APM FINANCIAL SOLUTIONS, LLC,<br>　　Debtor,<br>v.<br>STEVEN BESS,<br>　　Defendant. | Adv No.: |

### ADVERSARY COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. SECTIONS 547, 550 AND BANKRUPTCY RULES 3007, 7001 AND 7008

APM Financial Solutions, LLC (the "Debtor"), by and through its undersigned counsel, as and for its of Complaint to avoid certain pre-petition transfers made by the Debtor to or for the benefit of Steven Bess (the "Defendant"), hereby alleges as follows:

### INTRODUCTION AND PARTIES

1.　On June 4, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy

Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2.  No Creditors' Committee has been formed in the Debtor's Bankruptcy Case.

3.  Upon information and belief, the Defendant is an individual who holds a judgment against the Debtor and who as a result of the Defendant's efforts to execute on the judgment received one or more transfers of an interest in the Debtor's property.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5.  This action is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.  Venue of this action is proper in this District pursuant to 28 U.S.C. § 1409(a).

7.  The statutory bases for the relief requested in this Complaint are 11 U.S.C. §§ 547, 550 and Rules 3007, 7001 and 7008 of the Federal Rules of Bankruptcy Procedure.

## GENERAL ALLEGATIONS

8.  On or within 90 days before the Petition Date, the Defendant received a one or more transfers of an interest in the Debtor's property as set forth on Exhibit A attached hereto, consisting of executions pursuant to Writs of Execution on the Debtor's bank accounts for the benefit of the Defendant, on the dates and in the amounts set forth on Exhibit A.

9.  Exhibit A reflects Debtor's current knowledge of the transfers made to the Defendant on or within 90 days before the Petition Date. During the course of this proceeding, the Debtor may learn (through discovery or otherwise) of additional transfers made to the Defendant on or within 90 days before the Petition Date. The Debtor's intention is to avoid and recover all such preferential transfers, whether such preferential transfers presently are reflected in Exhibit A or not. All transfers of the Debtor's interest in

property of the Debtor to or for the benefit of Defendant on or within 90 days before the Petition Date (whether such transfers presently are reflected in Exhibit A or not) are collectively referred to herein as the "Transfers."

10. The Debtor reserves the right to amend this Complaint so as to include further information on the Transfers, additional Transfers, revision of the Defendant's name, additional defendants, and/or additional causes of action including, but not limited to, those pursuant to 11 U.S.C. §§ 542, 544, 545, 547, 548 and 549 (collectively, the "Amendments"), that may become known to the Debtor at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

## COUNT I

### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

11. The Debtor repeats and realleges each and every allegation set forth in Paragraphs 1 through 10 as if fully set forth herein.

12. The Transfers were transfers of property, or an interest in property, of the Debtor.

13. At all relevant times, the Defendant was a creditor of the Debtor as defined by 11 U.S.C. § 101(10).

14. The Transfers were made to or for the benefit of the Defendant.

15. The Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

16. The Transfers were made while the Debtor was insolvent.

17. The Transfers were made on or within 90 days before the Petition Date.

18. The Transfers enabled the Defendant to receive more than Defendant

would have received if: (a) the Transfer had not been made; (b) the Debtor's chapter 11 case was a case under chapter 7 of the Bankruptcy Code; and (c) the Defendant had received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

19. Each of the Transfers are avoidable pursuant to 11 U.S.C. § 547.

## COUNT II

### (Recovery of Property -- 11 U.S.C. § 550)

20. The Debtor repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

21. The Defendant was (i) the initial transferee of the Transfers, (ii) the immediate or mediate transferee of the Transfers entitled to recover its reasonable attorneys' fees and costs of collection.

**WHEREFORE**, the Debtor requests the entry of a judgment against the Defendant as

a. Avoiding the Transfers as a preference under 11 U.S.C. § 547

b. Granting judgment in favor of the Debtor pursuant to 11 U.S.C. § 550 in the amount of the Transfers, plus such other and further amounts as may be proven at trial, prejudgment interest and costs;

c. Awarding Debtor reasonable attorneys' fees and costs of collection; and

d. Granting Debtor such other and further relief as the Court deems just and equitable.

Dated: June 29, 2011    **HILL WALLACK LLP**

/s Michael J. Shavel
Michael J. Shavel, Esq. (MJS 7377)
D. Andrew Bertorelli, Jr., Esq. (DB3291)
202 Carnegie Center
Princeton, New Jersey 08543-5226
Telephone: (609)924-0808
Facsimile: (609)452-1888

*Attorneys for the Debtor*

## EXHIBIT A

**APM FINANCIAL SOLUTIONS, LLC**
Case No. 10-27239

Steven Bess

| Bank | Account Number | Date of Execution | Disposition of Funds | Amount |
|---|---|---|---|---|
| Citibank | 759483853 | 4/2/10 | Withdrawn from Account and being held by Bank | $6,043.81 |
| Wachovia | 2000031056461 | 4/23/10 | Withdrawn from Account | $13,735.99 |
| Wachovia | 2000031056461 | 5/10/10 | Withdrawn from Account | $9,473.11 |
| TD Bank | 36-8597035 | | Frozen | $2,430.49 |
| TD Bank | 37-2516864 | | Frozen | $9,9943.03 |